IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO A. FIGUEROA, #01994411 )<br>    Petitioner, )<br>)<br>vs. )<br>)<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:21-CV-1033-X-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 6, 2021 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

Pedro A. Figueroa (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 convictions and sentences for aggravated sexual assault of a child and indecency with a child/continuous. (*See* doc. 3 at 2); https://offender.tdcj.texas.gov/OffenderSearch (last visited Jan. 24, 2022). The respondent is the Director of TDCJ-CID. (*See* doc. 3 at 1.)

On March 16, 2015, Petitioner was convicted of aggravated sexual assault of a child and indecency with a child/continuous in Case Nos. F-1354250-N and F-1354929-N in the 195th Judicial District Court of Dallas County, Texas, and sentenced to concurrent terms of imprisonment of 30 years and 20 years, respectively. *See State v. Figueroa*, Nos. F-1354250-N,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

F-1354929-N (195th Dist. Ct., Dallas Cnty., Tex. Mar. 16, 2015). On May 25, 2017, the judgments were affirmed on direct appeal. *See Figueroa v. State*, Nos. 05–15–00387–CR, 05–15–00999–CR, 2017 WL 2289031 (Tex. App.—Dallas May 25, 2017, no pet.). On June 30, 2017, the Texas Court of Criminal Appeals granted Petitioner an extension of time until August 25, 2017, to file a petition for discretionary review (PDR) for each conviction, but he did not file a PDR for either one. *See Figueroa v. State*, Nos. PD-0687-17, PD-0688-17 (Tex. Crim. App. June 30, 2017). In July 2019, Petitioner requested leave to file an out-of-time PDR in each case, and the Texas Court of Criminal Appeals denied the requests. *See id.* (Tex. Crim. App. July 16, 2019). On August 23, 2019, the Texas Court of Criminal Appeals also denied Petitioner's motions for reconsideration of the denials of leave to file an out-of-time PDR. *See id.* (Tex. Crim. App. Aug. 23, 2019). He did not file any state habeas applications.

In his § 2254 petition, filed almost two years later, Petitioner claims that he "never ricieved [sic] answer for appel [sic], suficient [sic] evidince [sic] proving not guilty." (doc. 3 at 6.)

## II.   STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on August 27, 2015, the last date he could have filed a timely PDR based on the extension granted by the Texas Court of Criminal Appeals. *See Dolan v. Dretke*, 168 F. App'x 10, 11 (5th Cir. 2006) (per curiam); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, August 27, 2015. Petitioner filed this habeas action almost six years later. His §

2254 petition is therefore untimely in the absence of statutory or equitable tolling.[2]

A.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner did not file a state habeas application or any other post-conviction motion that would toll the statute of limitations under § 2244(d)(2). Therefore, the statutory tolling period does not save the petition.

B.  **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented

---

[2] Because Petitioner has not presented his habeas claims to the highest available state court for review, his claims are also unexhausted and subject to dismissal on this basis. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," however, a habeas petition may be "denied on the merits." 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2) ] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'."). The phrase "on the merits" in the context of § 2254(b)(2) includes a decision under the statute of limitations. *See Beane v. Quarterman*, No. 3:09-CV-0940-O, 2009 WL 2252060, at *3 n.2 (N.D. Tex. July 27, 2009) (court may deny habeas petition on the merits as barred by the statute of limitations despite a lack of exhaustion); *see also Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (applying the statute of limitations *sua sponte* to dismiss habeas petition with prejudice where the district court dismissed without prejudice for failure to exhaust); *Anthony v. Quarterman*, No. 3:04-CV-2019-P, 2007 WL 2059729, at *2 (N.D. Tex. July 16, 2007) (court may deny habeas petition on the merits as time-barred despite the failure to exhaust). In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of the claims.

4

in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner claims that he is not barred by the one-year limitations period because of "discrimination and pendira [sic] appeal." (doc. 3 at 9.) He does not explain why or allege any facts to show that he is entitled to equitable tolling of the statute of limitations, however. He has not met his burden to establish circumstances warranting equitable tolling of the statute of limitations.

C.   **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569

U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner states, "you make evidence D.N.A. D.V.D. testimony of family victim me to of state testimoni [sic] you make of [two state court judges] you hace [sic] question my innocent [sic]." (doc. 3 at 11.) He also appears to allege that testimony of the family of at least one victim is favorable to him, that he respects the family of at least one victim, and that he loves his goddaughter victim. (*See id.* at 14.) Liberally construing these allegations as a claim of actual innocence, Petitioner has not alleged any facts that any alleged evidence was not available at trial, and he has not shown that it is more likely than not that no rational fact-finder would have found him guilty beyond a reasonable doubt in light of the evidence. Further, the evidence and testimony he references does not present evidence of actual innocence. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

### III.     RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 6, 2021 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 25th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE