UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO A. FIGUEROA, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | Case No. 3:21-cv-1033-X-BH |
| § | |
| DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| *Respondent*. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 25]. Petitioner Pedro A. Figueroa, an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, petitioned for a writ of habeas corpus on May 6, 2021.[1] The Magistrate Judge concluded that 28 U.S.C. § 2244(d)'s one-year statute of limitations barred Figueroa's habeas action, adding that statutory tolling is inapplicable and equitable tolling is unwarranted.[2] And "[l]iberally construing [Figueroa's] allegations as a claim of actual innocence," the Magistrate Judge also concluded that Figueroa

---

[1] Doc. No. 3.

[2] Doc. No. 25 at 3–5 ("Because the date [Figueroa's] conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, August 27, 2015. [Figueroa] filed this habeas action almost six years later.").

1

failed to meet the "demanding standard" of an actual innocence claim, which "is seldom met."[3]

Figueroa objected to the Magistrate Judge's report, raising two arguments as to why the statute of limitations should be tolled: (1) a lack of legal assistance in filing his petition and (2) his lack of "understanding the English language."[4]

Figueroa's arguments offer no response to the Magistrate Judge's conclusion that his habeas action is barred by 28 U.S.C. § 2244(d). Figueroa cites two cases in support of his objection, neither of which is binding on this Court and neither of which contradicts the Magistrate Judge's report.[5] Accordingly, the Court **OVERRULES** Figueroa's objection because he has not presented any legal reason to support tolling the statute of limitations.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. [Doc. No. 25]. Accordingly, the Court **DISMISSES** Figueroa's petition.

---

[3] *Id.* at 6 (quoting *Floyd v. Vannoy*, 894 F.3d 143, 145–55 (5th Cir. 2018)).

[4] Doc. No 26 at 1.

[5] *Id.* (citing *U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005) (holding that an indigent defendant is entitled to the appointment of counsel for a post-conviction § 2255 evidentiary hearing); *U.S. v. Mejia*, 600 F.3d 12 (1st Cir. 2010) (holding that the district court did not abuse its discretion by allowing a detective to testify as to the content of the defendant's incriminating statements given that the statements were made in Spanish and the detective translated them to English)).

**IT IS SO ORDERED,** this 7th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE